**ZEN INVESTMENTS, LLC f/k/a Stafford Investments, LLC; John Stafford, Jr.; John Stafford, III; Charlestown, LLC, Appellants**

v.

**UNBREAKABLE LOCK COMPANY, f/k/a Lawman Armor Company; Unbreakable Company, f/k/a Unbreakable Company, Inc.; Unbreakable Accessories Company, f/k/a Unbreakable Lock Company; Robert A. Vito; Joshua I. Smith; Sidney Levov; Humbert Powell, III; Kyle J. Cunningham.**

No. 06–3862.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) April 8, 2008.

Filed: April 24, 2008.

---

Merrill G. Davidoff, Lane L. Vines, Peter Nordberg, Berger & Montague, John J. Soroko, Duane Morris, Philadelphia, PA, James E. Egbert, Jenkintown, PA, for Appellants.

Kevin W. Gibson, Gibson & Perkins, Media, PA, for Appellee.

Before: SMITH, HARDIMAN, and COWEN, Circuit Judges.

## OPINION

SMITH, Circuit Judge:

that their family controls, Zen Investments, LLC and Charlestown, LLC (collectively the "Staffords"), appeal the District Court's *sua sponte* dismissal of their claims as moot and the court's denial of their motion for leave to amend their complaint. For the reasons that follow, we will reverse the District Court's order granting judgment in favor of the Appel-

lees and denying the Staffords leave to amend their complaint.[1]

## I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them extensively here. Two days after denying the Appellees' motion to dismiss, the District Court granted judgment in favor of the Appellees, *sua sponte*, without any explanation as to its reasons. Upon the Staffords' motion for reconsideration, the court stated, in a footnote, that all of their claims were moot because the Appellees had voluntarily agreed to give the Staffords the stock shares that they had canceled. Additionally, the District Court denied the Staffords' motion for leave to amend their complaint.

"Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions[.]'" *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (internal citation omitted). "[J]urisdiction, properly acquired, may abate if the case becomes moot because ... interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir.1996). *See also County of Morris v. Nationalist Movement*, 273 F.3d 527 (3d Cir.2001) (holding that where subsequent legislation cures

---

1. The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

the problem complained of while a case is on appeal, then the court must dismiss the case as moot).

The Staffords' first two claims, which requested injunctive and declaratory relief, became moot when the defendants recognized the continuing validity of the reissued shares at the center of the parties' dispute. The Staffords do not contend otherwise on appeal. The District Court erred, however, by dismissing the Staffords' remaining claims, which alleged a breach of fiduciary duty, conversion, and aiding and abetting conversion, based upon the Appellees' conduct in canceling their shares. As the Staffords stated in their Brief, "[f]airly read, the complaint does not simply seek [our] reacquisition of pieces of paper denominated 'stock certificates,' but more broadly seeks redress for defendants' abusive and oppressive course of conduct." To that end, the Staffords requested compensatory, incidental and punitive damages, as well as pre-judgment and post-judgment interest and fees related to the litigation. Moreover, if we credit the accusations in the complaint, the Staffords may well be entitled to compensatory damages based upon the delay in having their shares recognized. At all events, the Appellees' voluntary decision to belatedly relinquish the contested shares is not sufficient to moot the Staffords' remaining claims.

The Staffords also contend that the District Court abused its discretion by not allowing them the opportunity to amend their pleadings prior to, or after, entering judgment for the defendants. Pursuant to Federal Rules of Civil Procedure, Rule 15(a), a party may amend its pleading by leave of the court and "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a)(B)(2). "Prejudice to the nonmoving party is the touchstone for the denial of an amendment." *Boileau v.*

*Bethlehem Steel Corp.,* 730 F.2d 929, 938 (3d Cir.1984).

The District Court did not articulate why it denied the Staffords' request to amend their complaint. In *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court instructed that:

> the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason ... is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182, 83 S.Ct. 227. Here, the District Court essentially refused to grant the Staffords leave to amend without offering any "justifying reason." As a result, we find that the District Court abused its discretion and we will therefore reverse its order entering judgment in favor of the Appellees and denying the Staffords' motion for leave to amend their complaint.